67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard MILBOURN, Legal Guardian for Rachel Leona MILBOURN,
Plaintiff-Appellant,
v.
Everett M. MARRIOTT, Jacqueline L. Marriott, Eldon Ekelin;
Patricia Kluge, formerly Patricia Ekelin, individually and
as partners in the partnership of Marriott & Kluge, and the
partnership of Marriott and Kluge, dba Coin Laundry,
Defendants-Appellees.
 No. 94-35142.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided Sept. 15, 1995.
 
 1
 Before: CANBY and REINHARDT, Circuit Judges, and LEGGE,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Rachel Leona Milbourn, through her legal guardian, Richard Milbourn, appeals from the district court judgment in favor of defendants following a trial by jury. Appellant challenges the district court's rulings in connection with evidence that was accidentally destroyed. We affirm.
 
 BACKGROUND
 
 4
 Appellant is a small child who was injured when a table in defendants' laundry tipped over on her. An expert retained by plaintiff inspected, measured, and photographed the table before it was removed from the laundry.
 
 
 5
 An adjuster for defendants' insurance company then took the table to a commercial storage company, paid for two months rental, and arranged to be billed for the future rent. Several months later, after noticing that he had not received any additional billings, the insurance adjuster returned to the storage company. He discovered that the storage company had been unable to identify the owner of the table, had assumed it to be abandoned property, and had destroyed it.
 
 
 6
 Before trial, the district court granted defendants' motion to exclude evidence of the circumstances of the table's destruction, on the grounds that the table was destroyed inadvertently and not in bad faith and that plaintiff's expert had examined the table before it was destroyed. The court also ruled that the insurance adjuster would not be allowed to testify at trial as to the accuracy of plaintiff's expert's measurements of the table, and that the adjuster had to turn over his photos and measurements of the table to plaintiff.
 
 
 7
 At trial, plaintiff's expert testified regarding the condition of the laundry table based on his inspection of the table. Defense counsel cross-examined plaintiff's expert and argued to the jury that the inspection was deficient for various reasons.
 
 
 8
 The court instructed the jury regarding the unavailability of the table as follows:
 
 
 9
 [T]he table in question was inadvertently disposed of, through no fault of plaintiff or defendants, by an independent storage company, and unavailable for this trial. You are not to speculate about the loss of the table or its condition; rather, you should rely solely on the evidence presented during this trial.
 
 
 10
 The jury returned a verdict for defendants. The district court denied plaintiff's motion for a new trial.
 
 
 11
 The issue on appeal is whether the district court erred in (i) excluding evidence of the circumstances of the table's destruction, and (ii) in not instructing the jury that it could infer that the condition of the table would have been unfavorable to defendants.
 
 DISCUSSION
 
 12
 "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993). This power includes the power to sanction the responsible party, by excluding spoiled evidence, by admitting evidence of the circumstances of the destruction or spoliation, or by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party. Id. The district court may also fashion other non-punitive remedies as appropriate. As a discretionary power, the district court's exercise of that power is reviewed by this court only for abuse of discretion. Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 367 (9th Cir.1992).
 
 
 13
 The remedies chosen by the district court here were to disallow testimony by the insurance adjuster, to order him to turn over his photographs and measurements of the table to plaintiff, and to explain the table's unavailability at trial in terms that did not place the blame on either party. However, the court declined to admit evidence of defendants' role in the table's destruction and refused a jury instruction that would have allowed the jury to draw inferences adverse to defendants.
 
 
 14
 Appellant argues that the district court's remedy was insufficient, and that the court was required to admit evidence of the circumstances of the table's destruction and to instruct the jury that it could draw adverse inferences against defendants. Specifically, appellant argues that the absence of bad faith on defendants' part and her expert's opportunity to inspect the table were not sufficient grounds for the district court's rulings.
 
 
 15
 In support of her argument, appellant notes that this court has not required bad faith on the part of the responsible party as a prerequisite to the admission of evidence of spoliation and to the giving of an adverse inference instruction. See Glover, 6 F.3d at 1329 ("[A] finding of 'bad faith' is not a prerequisite to this corrective procedure.... Surely a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.' "); Akiona v. United States, 938 F.2d 158, 161 (9th Cir.1991). She also notes that this court in Glover affirmed a spoliation instruction even though the nonsanctioned party was not completely foreclosed from inspecting the spoiled evidence. 6 F.3d at 1329.
 
 
 16
 Appellant reads too much into this court's previous cases on spoliation of evidence. While those cases hold that a district court has discretion to admit evidence of spoliation and to instruct the jury on adverse inferences even in the absence of bad faith, and even though the injured party had some opportunity to inspect the lost evidence, they do not require the district court to impose those sanctions whenever relevant evidence has been destroyed. The absence of bad faith and the opportunity to examine can still be factors in the court's exercise of its discretion.
 
 
 17
 In this case, the district court did not abuse its discretion. It relied upon the absence of defendants' bad faith and plaintiff's opportunity to inspect the table as bases for its choice of a remedy. It also provided some procedural relief to appellant, by requiring the production of the results of defendants' investigation and by barring a defense witness. This court cannot say that the district court's remedy was an abuse of discretion.
 
 
 18
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 19
 Although I agree that the district court has discretion to make appropriate evidentiary rulings in response to the destruction of evidence, I cannot agree that it is free to avoid imposing any remedy at all. Because that is what the district court in effect did in this case, I respectfully dissent.
 
 
 20
 We have recognized that, as a general matter, "a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case." Akiona v. United States, 938 F.2d 158, 161 (9th Cir.1991). The district court's first error was its application of the wrong legal standard in determining whether the jury should be permitted to draw an adverse inference from the laundry table's destruction. Only a "minimum link of relevance" is required to permit an adverse inference; the party seeking to introduce evidence of destruction or spoliation need not establish bad faith on the part of the party who destroyed the evidence. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993).
 
 
 21
 In concluding that evidence regarding the table's destruction should not be admitted--and thereby denying the jury the opportunity to draw an adverse inference--the district court expressly relied upon the defendants' lack of bad faith. That decision is difficult to reconcile with our reasoning in Glover and, more importantly, undermines the important purposes that the adverse inference serves. In Glover, the plaintiff's expert had spoiled physical evidence. Although the evidence of spoliation was admitted, the court instructed the jury that "bad faith" was a prerequisite to an adverse inference. We held that this instruction incorrectly stated the law and remanded with instructions that the court avoid this improper instruction. Id. at 1329-30.
 
 
 22
 The district court's ruling placed Milbourn in a substantially worse position than that of the party challenging the spoliation instruction in Glover. In Glover, the jury was at least apprised of the circumstances surrounding the spoliation and given a chance to draw an adverse inference. In this case, by contrast, the jury was denied any information regarding the table's destruction and was given no opportunity to draw an adverse inference from this fact. Instead, the district court instructed the jury that it should not "speculate about the loss of the table or its condition." But these are precisely the types of things a jury should be permitted to consider when evidence is destroyed by a party to whom a litigant has entrusted the duty of preserving it--regardless of the presence or absence of bad faith.
 
 
 23
 My colleagues' ruling undercuts the important purposes that adverse inferences serve. In Akiona, we quoted with approval then-Judge Breyer's opinion in Nation-Wide Check Corp. v. Forest Hills Distributors, 692 F.2d 214, 218 (1st Cir.1982), identifying two reasons why the trier of fact should be permitted to draw an adverse inference from the destruction of a relevant piece of evidence.[1] The first reason is evidentiary: When a party destroys evidence, knowing that it is relevant to pending litigation, we presume that that party is "more likely to have been threatened" by that evidence than is a party who preserves that evidence. The second reason is "prophylactic and punitive": Permitting the factfinder to draw an adverse inference from the destruction of evidence deters the destruction of evidence and provides an incentive to preserve carefully relevant evidence. Akiona, 938 F.2d at 161 (citing Nation-Wide, 692 F.2d at 218).
 
 
 24
 When evidence under the control of one of the parties is destroyed, it will often be difficult for the opposing party to prove purposeful wrongdoing. As a practical matter, evidence of deliberate spoliation or destruction is unlikely to come to light. By permitting the trier of fact to draw an adverse inference where evidence is destroyed by a party's agent or bailee, we discourage purposeful wrongdoing that may be difficult to ferret out. At the same time, we give parties in possession of material evidence a powerful incentive to ensure that the evidence is kept secure. If parties know that the jury will be permitted to draw an adverse inference from destruction or spoliation, they are much less likely to entrust that evidence to unreliable storage companies and are much more likely to ensure that companies treat the property with special care.
 
 
 25
 As the majority points out, none of our cases holds that the district court must permit the trier of fact to draw an adverse inference from the destruction of evidence. For this reason, the district court's decision to prevent the jury from drawing an adverse inference could perhaps be excused, if it had chosen some other remedy. Here, however, the court took no effective action in response to the table's destruction. None of the three steps taken by the district court constitutes a remedy and none is likely to deter the destruction of evidence, either deliberately or through carelessness.
 
 
 26
 The district court first disallowed testimony by the defendant's insurance adjuster as to the accuracy of measurements by the plaintiff's expert. Because the defendants had already informed the court that they did not intend to call that insurance adjuster, this "remedy" was of no effect whatsoever. The court's ruling did not prevent the defendants from challenging the methods employed by the plaintiff's expert or the accuracy and comprehensiveness of his findings. Defense counsel vigorously cross-examined the plaintiff's expert and, during closing argument, spoke at length about the inadequacy of his tests and measurements.
 
 
 27
 Second, the court required that measurements and photographs taken by the defendant's expert be turned over to the plaintiffs. Given that the plaintiffs could have obtained this evidence through discovery, this also amounted to no remedy at all. The plaintiffs received no benefit from this ruling; nor were the defendants penalized in any way that would deter the destruction of evidence or encourage its careful preservation.
 
 
 28
 Finally, the court instructed the jury that the evidence was destroyed through no fault of either party. Like the other ostensible remedies, the instruction does absolutely nothing to remedy the potential damage to the plaintiff's case. In addition, the instruction was misleading if not false. As a general rule, a principal is responsible for the negligent acts of those who act on his behalf. See, e.g., Prauss v. Adamski, 244 P.2d 598, 603 (Or.1952). Contrary to the instruction's suggestion, the storage company's negligence should, for purposes of the adverse inference rule, be attributed to the defendant.
 
 
 29
 Whether or not one believes that the district court was required to allow the jury to draw an adverse inference from the table's destruction, there can be little question that some sort of remedy was required. By upholding the district court's failure to take any effective action in response to the destruction of evidence, the majority allows carelessness--and even intentional wrongdoing--to go unchecked. More important, the result my colleagues reach serves to penalize an injured child for the carelessness of both an insurance company and a storage company.
 
 
 
 *
 Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Although Nation-Wide concerns the destruction of documents, I see no reason to distinguish between documents and other types of evidence in determining whether the trier of fact should be permitted to draw an adverse inference